

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00388-CV

---

CODY HOWARD, APPELLANT

V.

LACY KIMBALL, INDIVIDUALLY AND D/B/A LACY KIMBALL LAW, APPELLEE

---

On Appeal from the 43rd District Court
Parker County, Texas[1]
Trial Court No. CV24-0589, Honorable Craig Towson, Presiding

---

March 11, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Cody Howard, appeals from an order on a plea to the jurisdiction filed by Appellee, Lacy Kimball, Individually and d/b/a Lacy Kimball Law.  Because there is no final, appealable judgment, we dismiss the appeal for want of jurisdiction.

---

[1] This appeal was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

## BACKGROUND

Howard and CMH Group, LLC sued Kimball for legal malpractice. Kimball answered and filed a plea to the jurisdiction and a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure. On June 24, 2024, the trial court signed an order that purported to overrule the plea but also stated the suit was "dismissed." Howard appealed.

On January 15, 2025, we abated the appeal and remanded the cause to the trial court for clarification of whether the trial court intended to render a final judgment. *See* TEX. R. APP. P. 27.2. On remand, the trial court signed amended orders that became a part of a supplemental clerk's record. The orders state Kimball's motions to dismiss and plea to the jurisdiction are denied in all respects "and this matter shall continue to trial." Kimball did not file a notice of appeal from any order denying her requested relief.

## ANALYSIS

Our jurisdiction generally extends only to final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When an order is signed without a conventional trial on the merits, it is not considered a final judgment unless it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and parties. *Id.* at 205.

The amended orders now in the record make clear that the trial court intended to retain jurisdiction and did not intend rendition of a final judgment. The trial court directed that the matter shall continue to trial. Because there is no final judgment, we lack jurisdiction over this appeal.

2

## CONCLUSION

The appeal is dismissed for want of jurisdiction.  Nothing in this dismissal order should be construed as a comment on the merits of any matters that may remain pending in the trial court.

Per Curiam